HAGELSTEIN v CITY OF TROY

Docket No. 78-1877. Submitted June 18, 1979, at Detroit.—Decided November 19, 1979.

David A. and Susan E. Hagelstein brought an action against the City of Troy alleging that the city's zoning ordinance was unconstitutional as applied to the plaintiffs' land and seeking an order to enjoin the city from interfering with the plaintiffs' proposed use of the land. The Oakland Circuit Court, Frederick C. Ziem, J., found that the present zoning classification, single family dwellings, is confiscatory and therefore unconstitutional, but that the plaintiffs' proposed use, multiple family residential, was not the only legitimate use for the land and refused to enjoin the city as plaintiffs requested. The trial court did, however, enjoin the city from enforcing the ordinance insofar as it restricts the plaintiffs to using the land for single family dwelling purposes. The city appeals and the plaintiffs cross-appeal. *Held:*

The trial court was correct in its finding that the present zoning ordinance is unconstitutional and that there may be reasonable uses for the plaintiffs' land other than that proposed by the plaintiffs. The matter is to be resubmitted to the Troy city counsel for enactment of an appropriate amendatory ordinance.

Remanded.

ZONING — ORDINANCES — CONSTITUTIONAL LAW — PROCEDURE UPON REMAND — EQUITY.

An appropriate procedure to be followed after a judicial declaration that a zoning ordinance is unconstitutional is to enjoin the enforcement of the disputed zoning ordinance and to remand the matter to the municipal zoning body to present, for the trial court's consideration within a specified number of days of the judicial order declaring the unconstitutionality, an adopted amendatory ordinance comporting with the dictates of equity as well as the requirements of constitutional reasonableness as applied to the plaintiff's parcel.

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Zoning and Planning § 361.

*Ginn, Kramer & Jacobson, P.C.,* for plaintiffs.

*William S. Wolanin,* City Attorney, for defendant.

Before: Bashara, P.J., and V. J. Brennan and J. C. Daner,* JJ.

J. C. Daner, J. In this case, both parties have appealed from the opinion and judgment of the trial court. After a review of the record and the trial court's opinion, we are persuaded that the case must be remanded for further consideration in light of *Ed Zaagman, Inc v City of Kentwood,* 406 Mich 137, 182-183; 277 NW2d 475 (1979).

We concur with Judge Ziem's opinion that, as applied to the plaintiffs' land, the R1-B zoning by the defendant city is unconstitutional. We concur with his finding that there may be other uses besides that proposed by the plaintiffs which would be reasonable.

On remand, the matter is ordered to be resubmitted to the Troy city council for enactment of an amendatory ordinance which will allow an appropriate and constitutional use for the plaintiffs' land within 60 days. If the defendant city comes back to the circuit court with a mutually acceptable ordinance, one agreed to by both the plaintiffs and defendant, the circuit court shall then enter an order for implementation of that ordinance forthwith.

However, if, after remand to the city council, the defendant city submits an amendatory ordinance which is not acceptable to the plaintiffs, but does embody a fair "midsatisfactory use" as determined

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the trial judge after a meticulous balancing of all equitable considerations, then the trial court shall order implementation of such amendatory ordinance as proposed by the defendant city forthwith.

If the city's proposed use in an amendatory ordinance does not satisfy the "midsatisfactory use" or equitable doctrine announced in *Zaagman v City of Kentwood, supra,* and the plaintiffs submit a proposed use which in the opinion of the trial court does do equity, then the trial court, after balancing the equities, must order the implementation of the plaintiffs' proposed "midsatisfactory use" forthwith.

If, after remand to the defendant city council, neither party can agree upon the other's amendatory ordinance or proposed use and the trial court thereafter determines that neither meets the equitable "midsatisfactory use" required by *Zaagman, supra,* then the trial court must order an appropriate use after a hearing in which both plaintiffs and defendant, as well as other affected parties, are adequately represented, requiring additional proofs to make an equitable determination as required by *Zaagman, supra.*

Finally, if the defendant city fails to submit an adopted amendatory ordinance to the trial judge for consideration within 60 days of this Court's opinion and order, then the trial court is directed to conduct a hearing forthwith, supplemented by additional proofs which may be tendered by all affected parties, in the trial court's discretion, and implement thereafter the most equitable or "midsatisfactory use" to be made of the plaintiffs' parcel.

Remanded.